## STEPHENS v. PARKHURST & PENCE.

1. SERVICE OF A NOTICE ON A FIRM. · *Semble*, that the service of original notice on one member of a copartnership after the dissolution thereof, is not sufficient to give the court jurisdiction of the firm. Section 1728, Code of 1851, applies only to cases in which service is perfected before dissolution.

*Appeal from Linn District Court.*

MONDAY, NOVEMBER 7.

THE partnership of Parkhurst & Pence, made their promissory note to one of the firm (Parkhurst) who assigned the same to plaintiff. After the dissolution of the partnership plaintiff brought suit on the note, and service was made upon Parkhurst but not upon Pence. Judgment was rendered by default against both. At the next term Pence made his motion, supported by affidavit, to set aside the default and allow him to defend. This motion was sustained and plaintiff appeals.

*Hubbard & Stephens* for the appellant.

*I. M. Preston* for the appellee, cited Coll. on Part. 621, (section 696) and notes, and the authorities there cited.

WRIGHT, C. J.—Counsel for appellant present but one question and that is whether service upon *one* member of the firm, *after* its dissolution, is service upon all, or must each member of the former partnership have notice.

We incline to the opinion that section 1728 of the Code, only applies to cases where the service is made during the continuance of the partnership. Without however passing more definitely upon this question, we are clearly of opinion that in this instance there was no abuse of the discretion lodged with the court, on the subject of setting aside a default. The service was made upon the party interested in effect in having plaintiff procure a judgment. The interest of Pence was clearly adverse to that of Parkhurst. Under such circumstances, this service was not good against Pence. This case is but little different from what it would have been if Parkhurst had sued and had service made on himself.

The order setting aside the judgment is affirmed.